United States District Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARDO JOSE GARCIA-PINERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02372 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Leonardo Jose Garcia-Pinero's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Doc. #6), and Petitioner's Opposition to the Motion for Summary Judgment (Doc. #7). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Amended Petition for Writ of Habeas Corpus.

Petitioner Leonardo Jose Garcia-Pinero ("Petitioner"), a native of Venezuela, entered the United States without inspection on or about May 28, 2021. Doc. #1, Ex. 3. At that time, he was detained by immigration authorities and placed in removal proceedings. Doc. #1 at 4. On June 10, 2021, Petitioner was released on parole. Doc. #1, Ex. 4; Doc. #6 at 2. Respondents do not dispute that Petitioner complied with all conditions of his release while on parole. Doc. #1 at 4. A couple years later, on October 31, 2023, the Department of Homeland Security issued a Notice to Appear, charging Petition with being inadmissible to the United States under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Doc. #1, Ex. 3. Then, on or about

November 19, 2025, Respondents re-detained Petitioner during a check-in appointment with Immigration and Customs Enforcement. Doc. #1 at 4; Doc. #6 at 2. Notably, Petitioner was not re-detained when his parole expired in 2022. *See* Doc. #1, Ex. 4. Petitioner is currently in custody and has not been afforded a bond hearing or any individualized determination of flight risk or danger. Doc. #1 at 5–6. The parties do not dispute that Petitioner has no criminal history. Doc. #1 at 4; *see* Doc. #6.

Respondents argue that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(1) because he was placed into removal proceedings upon his illegal entry into the United States, and was returned to that custody status upon expiration of his parole. Doc. #6 at 3–6. Petitioner, in turn, asserts that his re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 27–30. The Court agrees with Petitioner. Where a noncitizen has previously been released from custody, a determination that reflects an assessment that the individual is neither a flight risk nor a danger to the community, there is "a very high risk of erroneous deprivation of liberty" absent an individualized custody determination. *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *7 (S.D. Tex. Feb. 3, 2026); *see also Singh v. Bondi*, No. SA-26-CA-00541-XR, 2026 WL 752457, at *3 (W.D. Tex. Mar. 16, 2026) ("[E]very noncitizen who has been paroled or released into the interior of the country has been found by a government official to pose neither a security risk nor a flight risk."). Consistent with this principle, courts have held that the Due Process Clause of the Fifth Amendment requires that a noncitizen receive "adequate notice of the intent to revoke [her] parole, an individualized assessment of [her] flight risk or dangerousness, and an opportunity to be heard prior to [her] redetention by ICE." *Strunin v. Garcia*, No. 5:26-CV-00106, 2026 WL 958952, at *9 (S.D. Tex. Mar. 3, 2026); *see also Singh*, 2026 WL 752457, at *10 ("The statutes and regulations governing

2

immigration and removal proceedings afford important procedural safeguards to detainees paroled or otherwise released into the interior."). The mere fact that a noncitizen's parole has expired does not obviate the government's obligation to provide constitutionally adequate process before reasserting physical custody over an individual previously released into the community. *See Marceau v. Noem*, EP-26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) (holding that the revocation of liberty requires an individual determination "[r]egardless of whether [Petitioner's] parole has expired or been terminated."); *MAIRELIS FLORES MOLINA, Petitioner, v. ROSE THOMPSON, et al., Respondents.*, No. 5:26-CV-0631-JKP, 2026 WL 908556, at *7 (W.D. Tex. Mar. 27, 2026) (finding a due process violation and granting habeas relief where the petitioner was re-detained without an individualized assessment, even after her parole had expired).

The Court sees no reason to reach a different conclusion here. Under the facts and circumstances of this case, the Court finds that Petitioner's continued detention violates his Fifth Amendment right to due process. He is therefore entitled to habeas relief, and release is warranted. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release.").

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #6. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next

3

friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

**JUN 0 5 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge